United States District Court
Middle District of Florida
Jacksonville Division

**SALONEN MARINE INC.**,

    *Plaintiff,*

v.     No. 3:15-CV-1074-J-34PDB

**SOUTHERN DRYDOCK INC.**,

    *Defendant.*

---

## Order Directing Plaintiff to Supplement Motion for Entry of Clerk's Default

Before the Court is the plaintiff's motion for entry of clerk's default under Federal Rule of Civil Procedure 55(a) against the defendant because it has not responded to the complaint or otherwise defended itself. Doc. 7. The plaintiff has filed (1) an affidavit indicating attempts to serve the defendant's registered agent, Edwin Harwell, at the defendant's business address were unsuccessful because the business closed and left no forwarding address, Doc. 7-1; and (2) proof of substitute service on the Florida Secretary of State, Doc. 6.

Although Fla. Stat. § 48.181 allows substitute service on the Florida Secretary of State in certain circumstances, a plaintiff "has the burden of clearly justifying its applicability." *Guenette v. Johnson Enters. Unlimited, Inc.*, No. 5:12-cv-483-Oc-10PRL, 2013 WL 274174, at *1 (M.D. Fla. Jan. 24, 2013) (unpublished) (citing *Young Spring Wire Corp. v. Smith*, 176 So. 2d 903 (Fla. 1965)). The plaintiff has not satisfied that burden through its filings. The Court **directs** the plaintiff to supplement its

motion by **January 11, 2016**, to establish proper service under Federal Rule of Civil Procedure 4(h) by addressing (1) why it cannot serve the defendant in accordance with Fla. Stat. § 48.081; (2) why substitute service is warranted under Fla. Stat. § 48.181; and (3) whether it complied with **all** of the procedural requirements for substitute service under Fla. Stat. § 48.161. The Court defers ruling on the motion until that time.

      **Ordered** in Jacksonville, Florida, on December 15, 2015.

*PATRICIA D. BARKSDALE*
*United States Magistrate Judge*

c:    Counsel of Record