**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

SALONEN MARINE INC.,

        Plaintiff,

vs.                                                 Case No. 3:15-cv-1074-J-34PDB

SOUTHERN DRYDOCK INC.,

        Defendant.
_____/

# O R D E R

**THIS CAUSE** is before the Court on Defendant's Motion to Strike, or in the Alternative, Defendant's Motion in Opposition to Plaintiff's Motion in Limine to Limit Expert Testimony of Claudio Crivici (Doc. No. 36; Motion) filed on May 15, 2017. In the Motion, Defendant Southern Drydock Inc. (SDI) requests that the Court strike Plaintiff's Motion in Limine to Limit Expert Testimony of Claudio Crivici and Memorandum of Law (Doc. No. 33; Motion in Limine), filed on May 11, 2017. See Motion at 1-3. Alternatively, SDI requests that the Court deny the Motion in Limine. See id. at 3-15. On June 6, 2017, Plaintiff Salonen Marine Inc. (Salonen Marine) filed its Response and Memorandum of Law in Opposition to Defendant's Motion to Strike and Memorandum of Law (Doc. No. 39; Response).

      In support of its request to strike the Motion in Limine, SDI cites Rule 12(f), Federal Rules of Civil Procedure (Rule(s)). See Motion at 1. Rule 12(f)(2) provides that, upon motion by a party, the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." However, only material found in a "pleading" may be stricken pursuant to Rule 12(f). See Jeter v. Montgomery County, 480

F. Supp. 2d 1293, 1296 (M.D. Ala. 2007); Lowery v. Hoffman, 188 F.R.D. 651, 653 (M.D. Ala. 1999); Newsome v. Webster, 843 F. Supp. 1460, 1464-65 (S.D. Ga. 1994). Rule 7(a) defines which documents constitute pleadings.[1] See Scarborough v. Principi, 541 U.S. 401, 417 (2004) (noting that Rule 7(a) "enumerat[es] permitted 'pleadings'"). Motions in limine are not considered pleadings. See Rule 7(a). SDI's Motion is directed at Salonen Marine's Motion in Limine – a filing that does not constitute a pleading. See Motion at 1; Rule 7(a). Thus, the remedy provided in Rule 12(f) is not available, and the Motion is due to be denied. Nevertheless, to the extent SDI's Motion requests that the Court deny the Motion in Limine, the Court will construe the Motion as SDI's response in opposition to the Motion in Limine.

Additionally, the Court notes that in Salonen Marine's Response, Salonen Marine states that "the parties have agreed in principle to continue trial until December due to plaintiff and defense counsels' trial conflicts[,]" Response at 2. However, this matter currently is set for trial during the Court's August 2017 trial term. As such, the parties are advised that, should they wish to move the trial to December, they must file a separate motion requesting to do so. Accordingly, it is

---

[1] Specifically, Rule 7(a) provides that "[o]nly these pleadings are allowed":
(1) a complaint;
(2) an answer to a complaint;
(3) an answer to a counterclaim designated as a counterclaim;
(4) an answer to a crossclaim;
(5) a third-party complaint;
(6) an answer to a third-party complaint; and
(7) if the court orders one, a reply to an answer.

**ORDERED**:

1. Defendant's Motion to Strike, or in the Alternative, Defendant's Motion in Opposition to Plaintiff's Motion in Limine to Limit Expert Testimony of Claudio Crivici (Doc. No. 36) is **DENIED.**

    A. The Motion is **DENIED** to the extent SDI requests that the Court strike the Motion in Limine.

    B. The Court construes the remaining arguments set forth as a response in opposition to Plaintiff's Motion in Limine to Limit Expert Testimony of Claudio Crivici and Memorandum of Law (Doc. No. 33), and will consider them in resolving that motion.

2. Should the parties wish to move the trial currently scheduled for the Court's August 2017 trial term to December, the parties must file a separate motion requesting to do so.

**DONE AND ORDERED** at Jacksonville, Florida, on June 7, 2017.

MARCIA MORALES HOWARD
United States District Judge

lc24

Copies to:

Counsel of Record